# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT COURT OF WISCONSIN

| | |
|---|---|
| SANGER POWERS, ROBERT LEGG, JENNIFER McCREARY, BETTY OWEN, And LYDIA POSTOLOWSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FILTERS FAST, LLC, a North Carolina corporation,<br><br>Defendant. | Case No. 3:20-cv-00982-jdp |

## [PROPOSED] ORDER CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, GRANTING PRELIMINARY APPROVAL OF THE CLASS-ACTION SETTLEMENT, APPROVING THE FORM AND MANNER OF NOTICE, AND PROVIDING NOTICE THE FINAL APPROVAL HEARING SHALL BE SET

This case is before the Court on Plaintiffs' Sanger Powers, Robert Legg, Jennifer McCreary, Betty Owen, and Lydia Postolowski, individually and on behalf of all others similarly situated (collectively, "Plaintiffs") Unopposed Motion for Preliminary Approval of the Class Action Settlement (the "Motion"). The Court, having considered the Motion, the supporting brief, the Parties' Settlement Agreement and Release dated June 15, 2021 (the "Settlement Agreement"), attached hereto as Exhibit 1; the proposed summary notice, long notice, and claim form (attached as Exhibits E, C, and A, respectively, to the Settlement Agreement); the pleadings and other papers filed in this Action; and the statements of counsel and the Parties, and for good cause shown.

**IT IS HEREBY ORDERED** as follows:

### Preliminary Approval of Settlement Agreement

1.      Unless otherwise defined herein, all terms that are capitalized herein shall have the

meanings ascribed to those terms in the Settlement Agreement.

2. This Court has jurisdiction over the Litigation, Plaintiffs, all Settlement Class members, Defendant Filters Fast, LLC ("Filters Fast"), and any party to any agreement that is part of or related to the Settlement.

3. The Court finds that the proposed Settlement set forth in the Settlement Agreement is sufficiently fair, reasonable and adequate such that it is hereby preliminarily approved and notice of the settlement should be provided to the Settlement Class and that a hearing should be held as set forth below.

**Class Certification**

4. Solely for purposes of the Settlement, the Court conditionally certifies the following class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) ("Settlement Class"):

> All residents of the United States whose payment card was used on the Filters Fast website (www.filtersfast.com) to make a purchase between July 15, 2019 and July 10, 2020.

5. Excluded from the Settlement Class are: (i) judges presiding over this Action and the McCreary Action and any members of their judicial staff(s); (ii) the officers and directors of Filters Fast; and (iii) persons who timely and validly request exclusion from the Settlement Class.

6. Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Fed. R. Civ. P. 23(a) and (b), are satisfied in that:

(a) the Settlement Class is so numerous that joinder of all members is impracticable;

(b) there are questions of law or fact common to the Settlement Class;

(c) Plaintiffs and Class Counsel (each defined below) fairly and adequately represent the Settlement Class;

(d) the claims of Plaintiffs are typical of those of Settlement Class members;

(e)     common issues predominate over any individual issues affecting the members of the Settlement Class;

(f)     Plaintiffs fairly and adequately protect and represent the interests of all members of the Settlement Class, and Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class; and

(g)     settlement of the Litigation on a class-action basis is superior to other means of resolving this matter.

7.     The Court appoints Federman & Sherwood and Mason Lietz & Klinger LLP as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

8.     The Court hereby appoints Plaintiff Sanger Powers, Robert Legg, Jennifer McCreary, Betty Owen, and Lydia Postolowski as the Class Representatives for settlement purposes only on behalf of the Settlement Class.

**Notice to Settlement Class Members**

9.     Pursuant to Federal Rule of Civil Procedure 23(e), the Court approves the Summary Notice and Long Notice (the "Settlement Notices"), attached as Exhibits E and C, respectively, to the Settlement Agreement attached to this Order as Exhibit 1, and finds that the dissemination of the Settlement Notices substantially in the manner and form set forth in Section VII of the Settlement Agreement ("Notice Plan") attached as Exhibit 1 to this Order complies fully with the requirements of the Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances.

10.     The Court further approves the Claim Form, substantially similar to Exhibit A to the Settlement Agreement attached as Exhibit 1 to this Order, which will be available both on the Settlement Website and by request.

11.     The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and

sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

12. No later than five (5) business days after entry of the this Order, Filters Fast shall provide the Settlement Administrator with the names, email, mailing addresses, and other contact information Filters Fast has in its possession for each of the Settlement Class Members. Within ten (10) days after the entry of the Preliminary Approval Order and to be substantially completed no later than the Notice Deadline, and subject to the requirements of the Settlement Agreement and this Order, the Parties shall coordinate with the Settlement Administrator to provide Notice pursuant to the Notice Program as follows: the Settlement Administrator shall send the Summary Notice via E-mail to all Settlement Class Members for whom Filters Fast can ascertain an e-mail address from its records with reasonable effort. The Settlement Administrator shall send the Summary Notice via E-mail on two occasions – one initial E-mail, and a second E-mail 30 days later.

13. All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid by Filters Fast pursuant to the Settlement Agreement.

14. The Settlement Notices and Claim Form satisfy the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and thus are approved for dissemination to the Settlement Class. The Claim Form shall be made available to the Settlement Class as set forth on the Notice Plan and shall be made available to any potential Class Member that requests one.

**Responses by Class Members and Providing Notice the Final Approval Hearing Shall be Set.**

15. Settlement Class members may opt-out (the "Opt-Out Deadline") or object up to forty-five (45) days from the date on which the Notice Plan commences.

16. Any Settlement Class Member seeking to opt-out of the Settlement must submit a request for exclusion from the Settlement Class to the Settlement Administrator—postmarked no later than the Opt-Out Deadline—which must simply include the individual's name and address; a statement that he or she wants to be excluded from the Action; and the individual's signature. All Settlement Class Members who properly file a timely request for exclusion will not release their claims pursuant to the Agreement.

17. Any member of the Settlement Class that does not properly and timely opt-out of the Settlement shall, upon entry of the Order and Final Judgment, be bound by all the terms and provisions of the Settlement Agreement and Release, whether or not such Settlement Class Member objected to the Settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement.

18. The Court adopts the following schedule for the remaining events in this case, which ensures that the appropriate state and federal officials are served with the notification required by the Class Action Fairness Act:

| Event | Date |
|---|---|
| Filters Fast Provides CAFA Notice required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of this Motion |
| Notice Program Commences | Within 30 days after entry of Preliminary Approval Order |
| Notice Program Concludes | Within 90 days after entry of Preliminary Approval Order |
| Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d) | 90 days after the Appropriate Governmental Officials are Served with CAFA Notice |
| Postmark Deadline for Request for Exclusion (Opt-Out) or Objections | 45 days after Commencement of Notice Program |

| | |
|---|---|
| Postmark / Filing Deadline for Filing Claims | 90 days after Commencement of the Notice Program |
| Filing Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Award filed by Class Counsel | At least 14 days before the Objection Deadline |
| Filing Motion for Final Approval to be filed by Class Counsel | No later than 14 days prior to the Objection Deadline |
| Final Approval Hearing | At the Court's convenience, approximately on or after 90 days after Commencement of the Notice Program |

19.    A hearing on the Settlement (the "Final Approval Hearing") shall be held before this Court on a date and time to be determined by the Court.

20.    At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class Settlement and whether the Settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Litigation; (c) entry of an order including the Release; (d) entry of the Final Approval Order; and (e) entry of final judgment in this Litigation. Class Counsel's application for award of attorney's fees and costs, and request for the Court to award service awards to the named Plaintiffs, shall also be heard at the time of the hearing.

21.    The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of notice, the Opt-Out deadline, or the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order.  The Court may also decide to hold the hearing via zoom or telephonically.  Instructions on how to

appear at the Final Approval Hearing will be posted on the Settlement Website.

22. Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through its own attorney. Settlement Class Members that do not timely object or opt out and that do not have an attorney enter an appearance on their behalf will be represented by Class Counsel.

23. Any person or entity who or which does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Class member may object to, *inter alia*, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment approving the Settlement, (c) Class Counsel's application for fees and expenses, or (d) the service award request, by serving a written objection upon Class Counsel, Filters Fast's counsel, and the Court.

24. Any Class member making the objection (an "Objector") must sign the objection personally. An objection must state the case name and number of the Action; the objector's full name, address, email address, and telephone number; an explanation of the basis upon which the objector claims to be a Settlement Class Member; all grounds for the objection, accompanied by any legal support for the objection; the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement, the fee application, or the application for Service Awards; the identity of all counsel representing the objector who will appear at the Fairness Hearing; any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between objector or objector's counsel and any other person or entity; a list of any persons who will be called to testify at the Fairness Hearing in support of the objection; and a statement confirming whether the objector intends to personally appear and/or testify at the Fairness Hearing. Objections, along with any notices of intent to appear, must be filed with the Court no later than

forty-five (45) days after the Notice Plan commences. If counsel is appearing on behalf of more than one Settlement Class Member, counsel must identify each such Settlement Class Member and must have complied with the requirements of this Order. The notice of objection shall be sent to (a) Class Counsel, (b) Filters Fast's counsel, and (c) the Court. No objector may appear at the hearing unless the objector indicates an intent to appear. These documents must be filed with the Clerk of the Court electronically or at the following address and mailed to the Counsel listed below:

**Court**

Clerk of the Court
United States District Court for the Western District of Wisconsin
120 N. Henry Street, Rm. 320
Madison, WI 53703

**Plaintiffs' Counsel**

William B. Federman
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
-and-
212 W. Spring Valley Road
Richardson, Texas 75801
(405) 235-1560

David K. Lietz
**MASON LIETZ & KLINGER LLP**
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Telephone: (202) 640-1160

**Filters Fast's Counsel**

Colin D. Dailey
Daniel T. Rockey
BRYAN CAVE LEIGHTON PAISNER LLP
301 S. College Street, Suite 3900
Charlotte, NC 28202
Telephone: 704-749-8950

25. Only Settlement Class Members that have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class member that does not timely file and serve an objection in writing in accordance with the procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Release; (c) entry of Final Approval Order or any judgment; (d) Class Counsel's application for fees, costs, and expenses; and/or (e) the service awards request for the named Plaintiffs, whether by appeal, collateral attack, or otherwise.

26. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

27. Upon entry of the Order and Final Judgment all members of the Settlement Class that have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against Filters Fast with respect to all of the Released Claims.

28. Filters Fast shall prepare and send, at Filters Fast's expense, all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715. Class Counsel and Counsel for Filters Fast shall cooperate promptly and fully in the preparation of such notices, including providing Filters Fast with any and all information in their possession necessary for the preparation of these notices. Filters Fast shall provide courtesy copies of the notices to Class Counsel for the purpose of implementing the settlement.

## Administration of the Settlement.

29. The Court hereby appoints the settlement administrator proposed by the parties, Kroll Settlement Administration (the "Settlement Administrator"). Responsibilities of the Settlement Administrator shall include: (a) designing, consulting on, and implementing the Notice Program and related requirements of the Settlement Agreement; and (b) implementing the Notice

Program, the Settlement Website, the submission and review of Claim Forms, and related requirements of the Settlement Agreement, subject to the Court's approval. Pursuant to the Settlement Agreement, the Settlement Administrator and costs of administration shall be paid by Filters Fast.

30. In the event the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims against Filters Fast and any other released party, and Filters Fast and any other released parties shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). The Litigation shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

31. Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Filters Fast as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes

of the current proposed settlement.


Dated: _____                    _____
                                     Chief United States District Court Judge James D. Peterson