IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SANGER POWERS, ROBERT LEGG,
JENNIFER McCREARY, BETTY OWEN,
and LYDIA POSTOLOWSKI,
individually and on behalf of all others
similarly situated,

              Plaintiffs,

  v.

FILTERS FAST, LLC,

              Defendant.

ORDER

20-cv-982-jdp

---

The parties move for class certification and preliminary approval of a class settlement in this case about a data breach. Dkt. 26. The court will deny the motion without prejudice because the parties haven't demonstrated that the court may exercise jurisdiction, as directed by the court in its previous order. *See* Dkt. 24.

All of plaintiffs' claims arise under state law, so plaintiffs rely on 28 U.S.C. § 1332(d)(2)(A) as a basis for exercising jurisdiction. Section 1332(d)(2)(A) applies when "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." Plaintiffs have adequately alleged the amount in controversy, but they provide no evidence of citizenship of either the proposed class members or the defendant.

In their amended complaint, plaintiffs allege that they are citizens of Wisconsin, Maryland, Virginia, California, and Florida, but Filters Fast hasn't admitted that allegation, and plaintiffs cite no evidence in their motion to support the allegation. Allegations in a

complaint aren't evidence. *Brown v. Advocate South Suburban Hosp.*, 700 F.3d 1101, 1104–05 (7th Cir. 2012).

As for Filters Fast's citizenship, plaintiffs allege that it was "organized in Charlotte, North Carolina and maintains its principal place of business" in North Carolina. Dkt. 25, ¶ 54. But that information isn't relevant to determining the citizenship of a limited liability company, such as Filters Fast. The citizenship of a limited liability company is determined by the citizenship of its members, *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998), and any members of those members, *see Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be."). Plaintiffs haven't identified any of Filters Fast's members or their citizenship.

The diversity requirement in § 1332(d)(2)(A) isn't onerous, but that doesn't mean it can be ignored. The court will deny the parties' motion for class certification and preliminary approval of their settlement to allow them to file a renewed motion that shows the court has jurisdiction over the case.

ORDER

IT IS ORDERED that the motion for class certification and preliminary approval of the class settlement, Dkt. 26, is DENIED without prejudice. The parties may have until October

6, 2021, to file a renewed motion that establishes a basis for jurisdiction. If the parties do not respond by then, the court will dismiss the case for lack of jurisdiction.

Entered September 24, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge