IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SANGER POWERS, ROBERT LEGG,
JENNIFER McCREARY, BETTY OWEN,
and LYDIA POSTOLOWSKI,
individually and on behalf of all others
similarly situated,

                    Plaintiffs,

  v.

FILTERS FAST, LLC,

                    Defendant.

OPINION and ORDER

20-cv-982-jdp

---

Plaintiffs have provided additional information to address several concerns raised by the court after reviewing the parties' motion for final approval of their class settlement in this case involving a website data breach. Unfortunately, the information plaintiffs provided show that notice to the class was deficient in two respects. As a result, the court will deny the motion for final approval without prejudice, cancel the settlement approval hearing, and direct the parties to cure the notice defects before renewing their motion for final approval.

The general framework of the class notice process appears to have been adequate. First, the class administrator sent an email to each of the approximately 323,000 class members. Second, the administrator sent notice through the U.S. mail to class members that the administrator determined had not received the email notice. Third, approximately one month after sending the first email, the administrator sent a "reminder" email to class members who hadn't yet filed a claim. Dkt. 57, ¶¶ 4–9.

Despite the three types of notice, the response rate of class members was a little over one percent, or 3,740 claims. The low response rate was surprising, especially because the

settlement allowed each class member to submit a claim for $25 without showing any individualized injury, Dkt. 35-1, ¶ 42, raising the question whether something had gone awry during the notice process. Plaintiffs offered no explanation for the low response rate, so the court directed plaintiffs to provide more specific information about the process. Dkt. 54.

Plaintiffs still don't explain why the response rate was so low, and they acknowledge that it is "perplexing." Dkt. 56, at 24. All counsel says is that "you can lead a horse to water, but you cannot make him drink." *Id.*

But the new information plaintiffs provided reveal two problems with the notice process that may have contributed to the low response rate. First, the administrator now states that it did not even attempt to send mail notice to 6,728 class members who did not receive email notice. Dkt. 57, ¶ 7. The administrator provides few details, but it says that there was "an administrative error" that caused it to overlook those class members. *Id.* Federal Rule of Civil Procedure 23 requires reasonable notice to all class members, so the court will have to defer settlement approval until the parties make reasonable efforts to send mail notice to the 6,728 class members at issue.

Second, as requested by the court, plaintiffs filed a copy of the actual emails that the administrator sent to the class. At the preliminary approval stage, plaintiffs provided the court with the language that would be included in the body of the email, but they didn't provide the subject line or the sender. As it turns out, those were significant omissions. The subject line of the emails stated only "Legal Notice," and the sender was "noreply@hcgsettlements.com." Dkt. 57-1.[1] That information does nothing to alert the reader what the subject of the email

---

[1] Plaintiffs don't explain what "hcgsettlements.com" is. It isn't the name of the settlement administrator, which is Kroll Settlement Administration LLC. Going to hcgsettlements.com

actually is, who the email is from, or why the email is important. Without opening the email and reading carefully, recipients would not know that they are being notified about a class action settlement or that the email relates to their status as customers of Filters Fast. Rather, the vague wording suggests that the email is spam and can be safely deleted without reviewing its contents. Repeating the "legal notice" heading in the body of the email compounds the problem.

Neither plaintiffs nor the administrator explain the reasoning for such an uninformative email header, and the court cannot discern a plausible basis for it. Common sense suggests that the email would deter rather than facilitate a high response rate from class members.

The court can't approve the settlement before these problems with notice are resolved. A settlement that is otherwise fair provides little benefit for the class if few of them are aware that they are entitled to participate in the settlement. So the motions for final approval of the settlement and for attorney fees and costs are denied without prejudice, and the March 4, 2022 settlement hearing is cancelled. The court will give plaintiffs an opportunity to submit a plan and a proposed schedule for remedying the notice defects. Plaintiffs should also include a more fulsome explanation of how they intend to avoid email spam filters. The administrator included a vague sentence that it "reviewed the proposed email subject line and body content for potential spam filter triggering words and phrases." Dkt. 57, at 3. But it didn't explain what that meant or describe the process used to minimize the risk of being classified as spam.

---

brings up an error page.

ORDER

IT IS ORDERED that:

1. The motion for final approval of the settlement agreement, Dkt. 55, and the motion for attorney fees and costs, Dkt. 58, are DENIED without prejudice.

2. The March 4, 2022 settlement approval hearing is CANCELED.

3. Plaintiffs may have until March 10, 2022, to submit a plan for curing the notice defects and a proposed schedule for bringing the case to resolution.

Entered February 24, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge