IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SANGER POWERS, ROBERT LEGG,
JENNIFER McCREARY, BETTY OWEN,
and LYDIA POSTOLOWSKI,
individually and on behalf of all others
similarly situated,

                Plaintiffs,

   v.

FILTERS FAST, LLC,

                Defendant.

ORDER

20-cv-982-jdp

---

Plaintiffs move for final approval of their proposed settlement and for attorney fees in this class action involving a data breach. Dkt. 70 and Dkt. 72. A review of the materials filed in support of motion reveals three issues that plaintiffs will have to address before the settlement approval hearing on July 22, 2022.

First, plaintiffs say that class members have submitted claims totaling nearly $174,000, but the claims administrator has approved less than $132,000. Dkt. 73, at 18. The administrator has approved all of the $25 claims for class members in "Tier Three," which includes any Filters Fast customer who used a credit card on Filters Fast's website during the class period. Dkt. 73-1, ¶ 13. But the administrator has approved only $2,131 of the $33,907 claimed by class members who suffered out-of-pocket losses and only $1,717 of the $12,243 claimed by class members who lost time redressing the data breach. *Id.* Neither plaintiffs nor the administrator explain why such a small fraction of the claims have been approved. Part of the reason may be that the administrator was still reviewing the claims at the time plaintiffs filed their motion for final approval. *See id.* So plaintiffs are directed to provide updated

information regarding the claims that have been approved. For any claims that were rejected, plaintiffs should explain why, along with any appropriate documentation.

Second, plaintiffs didn't provide billing records for the time their counsel spent on the case after filing their previous motion for fees, which the court denied without prejudice. *See* Dkt. 71, at 27 n.6 and Dkt. 65. As the court has already informed plaintiffs, this court's procedures require fee petitions to be accompanied by billing logs. Dkt. 54, at 3. That requirement has increased significance in this case because plaintiffs are seeking fees using the lodestar method, which requires the court to consider the reasonableness of the time counsel spent on the case. So plaintiffs will have to produce those records before the hearing.

Third, and also related to the fee petition, plaintiffs didn't provide adequate support for the hourly rates of all the lawyers representing them in this case. Plaintiffs submitted declarations from partners at Mason Lietz & Klinger LLP (MLK) and Federman & Sherwood, the two main law firms representing plaintiffs. Dkt. 61 and Dkt. 62. The MLK partner listed the credentials, experience, and expertise of each MLK lawyer working on the case. Dkt. 62, ¶¶ 3–9, 46–51. But the Federman & Sherwood partner discussed his own credentials only, without providing any background about the other lawyers from the firm. Dkt. 61, ¶¶ 3–4, 16. Plaintiffs will have to supplement their fee petition with additional information about the Federman & Sherwood lawyers.

ORDER

IT IS ORDERED that plaintiffs may have until July 14, 2022, to provide the additional information requested in this order.

Entered July 6, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge