IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SANGER POWERS, ROBERT LEGG,
JENNIFER McCREARY, BETTY OWEN,
and LYDIA POSTOLOWSKI,
individually and on behalf of all others
similarly situated,

                    Plaintiffs,

v.

FILTERS FAST, LLC,

                    Defendant.

ORDER

20-cv-982-jdp

---

A Final Approval Hearing was held before this Court on July 22, 2022 to consider, among other things, whether the Settlement Agreement and Release dated June 15, 2021 (the "Settlement Agreement") (ECF No. 35-1), including the attached exhibits, between Settlement Class Representatives Sanger Powers, Robert Legg, Jennifer McCreary, Betty Owen, and Lydia Postolowski, on behalf of themselves and the Settlement Class, and Defendant Filters Fast, LLC ("Filters Fast"), represents a fair, reasonable, and adequate settlement of this case ("the Action"), as well as the amount to be paid to Class Counsel as fees and costs for prosecuting the Action, and the amount to be paid to the Settlement Class Representatives as Service Awards.

Based on the Settlement Agreement, the Settlement Class Representatives' Second Renewed Motion for Final Approval of Class Action Settlement (ECF No. 72), the Settlement Class Representatives' Second Renewed Motion for an Award of Attorneys' Fees and Expenses and Service Awards for Settlement Class Representatives (ECF No. 70), the submissions of the

Settlement Class Administrator and Class Counsel in support of final approval of the settlement, and good cause appearing based on the record, IT IS ORDERED that:

1. The Court, for purposes of this Final Order adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined herein.

2. The Court has jurisdiction over the subject matter of the Action and personal jurisdiction over the Parties and Settlement Class Members.

3. On November 17, 2021, the Court entered a Preliminary Approval Order, ECF No. 43, that certified the Settlement Class, preliminarily approved the Settlement Agreement, directed notice of the proposed settlement to the Settlement Class, and established a hearing date to consider the final approval of the Settlement Agreement, the request for Service Awards to the Settlement Class Representatives (the "Service Awards Request"), and the motion for attorneys' fees, costs and expenses (the "Fee Request").

4. In the Preliminary Approval Order, the Court approved the Notice Program, the Notice, and the Claim Form, and found that the form, content and method of giving notice to the Class constitute the best practicable notice to the Class and are reasonable. A supplemental declaration confirming that the Notice has been emailed, mailed, and distributed pursuant to the Supplemental Notice Program and the Revised Preliminary Approval Order has been filed with the Court. See James R. Prutsman of Kroll Settlement Administration LLC in Support of Final Approval (ECF No. 73-1). The Court finds that the distribution of the Notice has been achieved in accordance with the Revised Preliminary Approval Order and the Settlement Agreement.

5. The Notice and the Notice Program provided the best notice practicable under the circumstances to the Settlement Class Members and satisfied the requirements of due

2

process under the United States Constitution and Federal Rule of Civil Procedure 23. Based on the evidence and information supplied to the Court in connection with the Final Approval Hearing held on July 22, 2022, the Court finds that the Notice was adequate and reasonable. The Court further finds that through the Notice, the Settlement Class has been apprised of the nature and pendency of the Action, the terms of the Settlement Agreement, as well as their rights to request exclusion, object, and/or appear at the final approval hearing.

6. The Court finds that Filters Fast has complied with the requirements of 28 U.S.C. § 1715.

7. The Court finds that the Settlement Class Representatives are similarly situated to absent Settlement Class Members, are typical of the Class, and are adequate Settlement Class Representatives, and that Class Counsel and the Settlement Class Representatives have fairly and adequately represented the Settlement Class. The Court grants final approval to its appointment of Class Counsel and Settlement Class Representatives as provided in the Preliminary Approval Order at ¶ 2 (ECF No. 43), appointing William B. Federman of Federman & Sherwood and David K. Lietz of Milberg Coleman Bryson Phillips Grossman, LC, as Class Counsel, and appointing as Settlement Class Representatives Sanger Powers, Robert Legg, Jennifer McCreary, Betty Owen, and Lydia Postolowski.

8. The Court certifies the following Settlement Class under Fed. R. Civ. P. 23(a) and 23(b)(3):

> All residents of the United States whose payment card was used on the Filters Fast website (www.filtersfast.com) to make a purchase between July 15, 2019 and July 10, 2020.

Excluded from the Settlement Class are the judges presiding over this matter, any members of the judges' judicial staff, and the officers and directors of Filters Fast.

9. Also excluded from the Settlement Class are those persons identified in Dkt. 57-4, who submitted timely and valid requests for exclusion from the Class ("Opt-Outs"). Opt-Outs shall not receive any benefits of the Settlement Agreement and shall not be bound by this Final Order and the Final Judgment.

10. The Court finds that the Settlement Class defined above satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) in that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class, as the Settlement Class Representatives have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and efficient resolution of this controversy.

11. The Court approves the settlement of the Action as set forth in the Settlement Agreement and finds that the settlement meets the requirements of Federal Rule of Civil Procedure 23(e)(2) and is fair, reasonable, adequate.

a. The Court finds that the Class Representatives and Class Counsel have adequately represented the class.

b. The Court further finds that the Settlement Agreement was the product of an arm's-length negotiation conducted in good faith by the Parties and their experienced counsel, with the assistance of an experienced mediator.

c. The Court finds that the relief provided to the class is adequate taking into account: the costs, risks, and delay of trial and appeal; the effectiveness of the proposed method of distributing relief to the class; the terms of the proposed attorneys' fees.

d. Based on the parties' representations, the court finds that there are no agreements made separate from but related to the Settlement Agreement.

e. The Court finds the Settlement Agreement treats Settlement Class Members equitably to each other, in that every Settlement Class Member has equal opportunity to claim relief under one of the three Settlement Tiers.

12. The Court notes that there are no objections to the Settlement Agreement, the Fee Request, or the Service Awards Request filed with the Court or submitted by Class Counsel with the Second Renewed Motion for Final Approval.

13. The Court directs the Parties to perform in accordance with the terms of the Settlement Agreement and the Orders of this Court.

14. The Court approves the Settlement Administration Protocol attached as Exhibit F to the Settlement Agreement and orders the Settlement Administrator to distribute the

settlement benefits to Settlement Class Members in accordance with the terms of the Settlement Agreement and Settlement Administration Protocol.

15.  As of the Effective Date, the class members, each on behalf of themselves individually and on behalf of their respective heirs, assigns, beneficiaries, and successors, shall automatically be deemed to have fully and irrevocably released and forever discharged Filters Fast and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors, and assigns of each of them (collectively the "Released Parties"), of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the facts of this case that were or could have been alleged in this case, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of (1) the data breach of the Filters Fast website between July 15, 2019, and July 10, 2020, (2) the theft, exposure, or disclosure of Settlement Class Members' Personal Information; (3) Filters Fast's maintenance or storage of Settlement Class Members' Personal Information, if any; (4) Filters Fast's information security policies and practices; (5) Filters

Fast's response to the data breach; or (6) Filters Fast's notice of the data breach to Settlement Class Members (the "Released Claims").

16.     For the avoidance of doubt, the Released Claims include any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States (including, without limitation, any causes of action under the California Business & Professions Code § 17200 et seq., California Civil Code § 1750 et seq., California Civil Code § 1798.80 et seq., California Civil Code § 1798.100 et seq., California Civil Code § 56.10 et seq., Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 501/1 et seq., the Illinois Personal Information Protection Act, 815 ILCS 530/1 et seq., New York General Business Law § 349, 15 U.S.C. § 1681 et seq., and any similar statutes or data breach notification statutes in effect in the United States or in any states in the United States); causes of action under the common or civil laws of any state in the United States, including but not limited to: unjust enrichment, negligence, bailment, conversion, negligence per se, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or of any states in the United States; and also including, but not limited to, any and all claims in any state or federal court of the United States, for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a

receiver, and any other form of relief. The Released Claims do not include any claims arising from or relating to any conduct by Filters Fast after the date the Agreement is executed.

17. As of the Effective Date, the Releasing Parties will be deemed to have completely released and forever discharged the Released Parties and Class Counsel from and for any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, relating to the institution, prosecution, or settlement of the Actions.

The Releasing Parties specifically waive the provisions, rights, and benefits conferred by California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Releasing Parties waive any and all provisions, rights, and benefits conferred by any other law of any state, province, or territory of the United States (including, without limitation, Montana Code Ann. § 28-1- 1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), that is similar, comparable, or equivalent to California Civil Code § 1542. The Releasing Parties may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but the Releasing Parties expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date,

fully, finally, and forever settled and released any and all Released Claims, including unknown claims. The Releasing Parties acknowledge that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

18. Nothing in this Final Order or the Final Judgment shall be interpreted to prohibit the use of the Final Judgment in a proceeding to consummate or enforce the Settlement Agreement or Final Judgment, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

19. Class Counsel are awarded attorneys' fees, costs and expenses in the amount of $320,000. The Court finds this award to be fair and reasonable. The awarded fees and expenses shall be paid to Class Counsel in accordance with the terms of the Settlement Agreement.

20. Class Counsel have also requested that Service Awards be approved and paid to Settlement Class Representatives in recognition of their services provided for the benefit of the Settlement Class. The Court, having reviewed the Service Awards Request, as well as the supporting memorandum and associated papers, finds that an award of $2,500 to each of the five Settlement Class Representatives is fair, reasonable, and appropriate in light of the service each Class Representative has provided on behalf of and for the benefit of the Settlement Class, and an award in that amount is hereby approved. The Settlement Administrator is directed to make such service award payments to the Settlement Class Representatives in accordance with the terms of the Settlement Agreement, this Final Order, and the Final Judgment.

21. The Court dismisses the Action with prejudice.

Entered  July 22 , 2022.

BY THE COURT:

_____
JAMES D. PETERSON
District Judge